Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Tel: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
erussell@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al., | Case No.: C13-2711 SBA |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION; ORDER THEREON** |
| v. | |
| NORTHERN PACIFIC DRYWALL, INC., a California Corporation, and DARRIN MICHAEL SPANN, an individual | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants NORTHERN PACIFIC DRYWALL, INC., a California Corporation, and/or alter egos and/or successor entities, and DARRIN MICHAEL SPANN, an individual ("Defendants"), as follows:

1.    Defendants entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades & The Wall and Ceiling Alliance (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

//

//

//

2.      Defendants have become indebted to the Trust Funds as follows:

| Work Period | Unpaid Contributions | 20% Liquidated Damages | 5% Interest (thru 9/3/13) | Subtotals |
|---|---|---|---|---|
| January 2013 | $11,286.64 | $2,857.33 | $322.49 | *$14,466.46* |
| May 2013 (late) | $0.00 | $690.50 | $3.78 | *$694.28* |
| June 2013 (late) | $0.00 | $1,352.72 | $8.34 | *$1,361.06* |
| July 2013 | $7,623.12 | $1,524.62 | $3.13 | *$9,150.87* |
| *Subtotals:* | **$18,909.76** | **$6,425.17** | **$337.74** | **$25,672.67** |

| | |
|---|---|
| Total Unpaid Contributions, Liquidated Damages, Interest, summarized above (1/13; 5/13 – 7/13): | *$25,672.67* |
| Attorneys' Fees (through 9/3/13): | *$2,463.50* |
| Costs (Complaint: Service) | *$547.85* |
| **GRAND TOTAL** | *$28,684.02* |

3.      Defendants shall ***conditionally*** pay the amount of **$22,258.85**, representing all of the above amounts, **less liquidated damages in the amount of $6,425.17.** *This waiver is expressly conditioned upon the Trustees' approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)      Beginning on or before October 25, 2013, and on or before the 25th day of each month thereafter, for a period of six (6) months, through and including March 25, 2014, Defendants shall pay to Plaintiffs the amount of **$3,775.00** per month.

(b)      Plaintiffs acknowledge receipt of Defendant's check number 3297 in the amount of $7,623.12, deposited September 17, 2013, for July contributions. Once it is confirmed that this payment has cleared the bank, it shall be applied to the balance due under the terms of this Stipulation.

(c)      Any payments made by a general contractor's joint check to Defendant(s) and Plaintiffs' Trust Funds shall be endorsed by Defendant(s) prior to submission to Plaintiffs;

(d)      Defendants shall have the right to increase the monthly payments at any time, without penalty;

(e)      Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, from September 4,

1    2013, in accordance with Plaintiffs' Trust Agreements;

2            (f)    Payments shall be made payable to the "*District Council 16 Northern*

3    *California Trust Funds*" and delivered to Michele R. Stafford at Saltzman & Johnson Law

4    Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other

5    address as may be specified by Plaintiffs, **to be received on or before the 25th day of each month**.

6            (g)    Defendants shall pay all additional costs and attorneys' fees incurred by

7    Plaintiffs, following those included in ¶2 herein, in connection with collection and allocation of the

8    amounts owed by Defendants to Plaintiffs under this Stipulation, regardless of whether or not there

9    is a default herein.

10           (h)    Prior to March 25, 2014, the deadline for Defendants' last monthly payment

11   toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendants in

12   writing of the final amount due, including any additional interest and attorneys' fees and costs, as

13   well as any other amounts due under the terms herein. Any additional amounts due pursuant to the

14   provisions hereunder shall be paid in full with the final conditional stipulated payment.

15           (i)    Following Defendants' payment of the last conditional monthly payment

16   under the Stipulation, Defendants will be advised as to whether or not the waiver has been granted

17   by the Board of Trustees. The waiver shall not be considered until all other amounts are paid in full

18   and Defendants' account is otherwise current.  If the waiver is granted, upon bank clearance of

19   Defendants' last payment of the conditional balance and confirmation that Defendants' account is

20   otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However,

21   if the waiver is denied, monthly payments will continue as provided in (a) above, until all liquidated

22   damages due have been paid. All terms herein shall continue to apply until all payments are

23   satisfied.

24           (j)    Failure to comply with any of the above terms shall constitute a default of

25   Defendant's obligations under this Stipulation and the provisions of ¶12 shall apply.

26       4.    DARRIN MICHAEL SPANN confirms that he is individually liable for the amounts

27   due pursuant to the terms of this Stipulation and further acknowledges that he is authorized to enter

28   this Stipulation on behalf of Defendant NORTHERN PACIFIC DRYWALL, INC. and any

-3-
**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C13-2711 SBA**

1  additional entities in which he is an officer, owner or possesses any ownership interest, including all

2  successors in interest, assignees, and affiliated entities (including, but not limited to parent or other

3  controlling companies), and any companies with which NORTHERN PACIFIC DRYWALL, INC.

4  joins or merges, if any.  Defendants and all such entities shall also be bound by the terms of this

5  Stipulation, and specifically consent to the Court's jurisdiction, which shall be specified in writing

6  at the time of any assignment, affiliation or purchase of Defendants, along with the obligations to

7  the terms herein.

8      5.      Beginning with contributions due for hours worked by Defendants' employees

9  during the month of August 2013, which are due on September 15, 2013 and delinquent if not

10 received by September 30, 2013, and for every month thereafter, Defendants **shall remain current**

11 **in reporting and payment of any contributions** due to Plaintiffs under the current Collective

12 Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the

13 Declarations of Trust as amended. **Defendant shall timely submit a copy of all contribution**

14 **reports for each month, together with a copy of the payment check(s), by facsimile or email to**

15 **Michele R. Stafford at 415-882-9287, or by email to both mstafford@sjlawcorp.com** *and*

16 **mvalentine@sjlawcorp.com or to such other fax number or email address as may be specified**

17 **by Plaintiffs, concurrent with sending the payment to the Trust Fund office.** Failure by

18 Defendants to timely submit copies of current contribution reports and payments to Michele R.

19 Stafford as described above shall constitute a default of the obligations under this agreement.

20      6.      Defendants shall make full disclosure of all jobs on which it is working by providing

21 Plaintiffs with a monthly job report on the form attached hereto as *Exhibit A*, including, but not

22 limited to, the name and address of job, general contractor information, certified payroll if a public

23 works job, start date and anticipated completion date, of each job. **Defendants shall submit said**

24 **updated list each month together with the contribution report (as required in above ¶5, by fax**

25 **or email).** This requirement remains in full force and effect regardless of whether or not Defendants

26 have ongoing work. In this event, Defendants shall submit a statement stating that there are no

27 current jobs. To the extent that Defendants are working on a Public Works job, or any other job for

28 which Certified Payroll Reports are required, copies of said Reports shall also be submitted to

Michele R. Stafford, concurrently with the monthly job reports. Failure by Defendants to timely submit updated monthly job reports shall constitute a default of the obligations under this agreement. This obligation remains in full force and effect under this Stipulation so long as Defendants are in business, and work is being performed.

7. Failure by Defendants to remain current in reporting or payment of monthly contributions owed shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8. **Audit:** Should the Trust Funds request a further audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement.

(a) In the event that amounts are found due on audit, Plaintiffs shall send a written demand to Defendants by email and by regular mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees.

(b) Defendants will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendants do not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Plaintiffs as specified elsewhere herein.

(c) If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d)      If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

(e)      If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f)      Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement.  All amounts found due on audit shall immediately become part of this Judgment.

9.      In the event that any check is not timely submitted, is submitted by Defendants but fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, this shall be considered to be a default on the Judgment entered. If Defendants fail to submit their contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

10.      If a default occurs, Plaintiffs shall make a written demand, sent to Defendants by email to dspann@norpacdrywall.com and by regular mail, to cure said default within seven (7) days of the date of the notice from Plaintiffs. If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check.

11.      In the event the default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a)      The entire amount of $28,684.02 plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, including audit findings,

1  if any, plus 20% liquidated damages and 5% per annum interest, together with any additional

2  attorneys' fees and costs incurred;

3          (b)     A Writ of Execution may be obtained against Defendants and all related

4  entities without further notice, in the amount of the unpaid balance, plus any additional amounts due

5  under the terms herein. The declaration of a duly authorized representative of the Plaintiffs setting

6  forth any payment theretofore made by or on behalf of Defendants, and the balance due and owing

7  as of the date of default, shall be sufficient to secure the issuance of a Writ of Execution;

8          (c)     Defendants waive notice of entry of judgment and expressly waive all rights

9  to stay of execution and appeal.

10     12.     Any failure on the part of the Plaintiffs to take any action against Defendants as

11  provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

12  a waiver of any subsequent breach by the Defendants of any provisions herein.

13     13.     In the event of the filing of a bankruptcy petition by Defendants, the parties agree

14  that any payments made by Defendants pursuant to the terms of this judgment, shall be deemed to

15  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

16  and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

17  Defendants nevertheless represent that no bankruptcy filing is anticipated.

18     14.     Should any provision of this Stipulation be declared or determined by any court of

19  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

20  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

21  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

22  Stipulation.

23     15.     This Stipulation is limited to the agreement between the parties with respect to the

24  delinquent contributions and related sums enumerated herein, owed by Defendants to the Plaintiffs.

25  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants

26  acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if

27  any, against Defendants as provided by the Plaintiffs' Plan Documents, the Trust Agreements

28  incorporated into the Collective Bargaining Agreement, and the law.

16.    This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17.    This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

Dated:  October _____, 2013                **NORTHERN PACIFIC DRYWALL, INC., a California Corporation**

                                   By:    _____
                                          DARRIN MICHAEL SPANN,
                                          its RMO/CEO/President

Dated:  October _____, 2013                **DARRIN MICHAEL SPANN, an individual**

                                   By:    _____
                                          DARRIN MICHAEL SPANN

Dated:  October _____, 2013                **SALTZMAN & JOHNSON LAW CORPORATION**

                                   By:    _____
                                          MICHELE R. STAFFORD
                                          Attorneys for Plaintiffs

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated:  ____October 16___, 2013

                                   By:    UNITED STATES DISTRICT COURT JUDGE

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C13-2711 SBA**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

### *Exhibit A*
### *JOB REPORT FORM*

2

\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287, or emailed to

3

mstafford@sjlawcorp.com and mvalentine@sjlawcorp.com
on or before the last business day of each month \*\*\*

4

Employer Name:  **NORTHERN PACIFIC DRYWALL**

5

Report for the month of _____, 20___ Submitted by (name): _____

6

**Please spell out project, owner and general contractor names, and complete all fields**

7

| Project Name: | |
|---|---|

8

| Project Address: | |
|---|---|

9

| General Contractor: | |
|---|---|

10

| General Contractor Address: | |
|---|---|

11

| General Contractor Telephone #: | | Project Manager Name: | |
|---|---|---|---|

12

| Project Manager Telephone #: | | Project Manager email address: | |
|---|---|---|---|

13

| Contract #: | | Contract Date: | |
|---|---|---|---|

14

| Total Contract Value: | |
|---|---|

15

| Work Start Date: | | Work Completion Date: | |
|---|---|---|---|

16

| Project Bond #: | | Surety: | |
|---|---|---|---|

17

18

| Project Name: | |
|---|---|

| Project Address: | |
|---|---|

19

| General Contractor: | |
|---|---|

20

| General Contractor Address: | |
|---|---|

21

| General Contractor Telephone #: | | Project Manager Name: | |
|---|---|---|---|

22

| Project Manager Telephone #: | | Project Manager email address: | |
|---|---|---|---|

23

| Contract #: | | Contract Date: | |
|---|---|---|---|

24

| Total Contract Value: | |
|---|---|

25

| Work Start Date: | | Work Completion Date: | |
|---|---|---|---|

26

| Project Bond #: | | Surety: | |
|---|---|---|---|

27

28

**Attach additional sheets as necessary**

1

<u>PROOF OF SERVICE</u>

2      1.      I am a citizen of the United States and am employed in the County of San Francisco,

3   State of California.   My business address is 44 Montgomery Street, Suite 2110, San Francisco,

4   California 94104.

5      2.      I am over the age of eighteen and not a party to this action.

6      3.      On **October ___, 2013**, I served the following document(s):

7   **JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON**

8   on the interested parties in said action by enclosing a true and exact copy of each document in a

9   sealed envelope and placing the envelope for collection and  mailing following our ordinary

10  business practices.  I am readily familiar with this business' practice for collecting and processing

11  correspondence for mailing.  On the same day that correspondence is placed for collection and

12  mailing, it is deposited in the ordinary course of business with the United States Postal Service in a

13  sealed envelope with First Class postage fully prepaid.

14      4.      The envelope was addressed and mailed as follows:

15                      **Darrin M. Spann**
                   **Northern Pacific Drywall, Inc.**
16                   **1535 Farmers Lane #302**
                   **Santa Rosa, CA 95405**
17

18      I declare under penalty of perjury that the foregoing is true and correct and that this

19  declaration was executed on **October _____, 2013**, at San Francisco, California.

20

21                                              _____

22                                              Michelle Valentine
                                            Paralegal
23

24

25

26

27

28